IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| CLIFTON DEWAYNE HARVIN, § <br> TDCJ No. 01235629, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> LORIE DAVIS, Director, § <br> Texas Department of Criminal Justice, § <br> Correctional Institutions Division, § <br> § <br> Respondent. § | Civil Action No. 7:17-cv-00003-M-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Clifton Dewayne Harvin pursuant to 28 U.S.C. § 2254. ECF No. 1. After consideration of the pleadings and the applicable law, the undersigned RECOMMENDS that Chief United States District Judge Barbara M.G. Lynn DISMISS claims 1 through 5 and 13 through 16 of the Petition for Writ of Habeas Corpus (ECF No. 1) with prejudice as time-barred.

**I.   Background**

This case involves a Petition for Writ of Habeas Corpus filed by Clifton Dewayne Harvin ("Petitioner"), an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. ECF No. 1. Petitioner seeks to challenge the validity of his state conviction of aggravated sexual assault. *Id.* at 2. Petitioner seeks federal habeas relief based on due process violations, ineffective assistance of trial counsel, ineffective assistance of appellate counsel, actual innocence, and prosecutorial misconduct. *Id.* at 7-26. Pursuant to the Court's Order

(ECF No. 8), Respondent has filed a preliminary response arguing that all of Petitioner's claims relating to his plea of nolo contendere, claims 1-5 and 13-16, are barred by the one-year statute of limitations. ECF No. 17. Petitioner filed a reply, arguing that his claims are not time-barred. ECF No. 24.

On April 16, 1996, Petitioner pleaded nolo contendere to aggravated sexual assault in exchange for an order deferring adjudication and placing Petitioner on community supervision for 10 years. ECF No. 17 at 2. Petitioner did not appeal the judgment. *Id.* at 7. In 2004, the State filed a motion to adjudicate. *Id.* at 3. Petitioner was adjudicated guilty on April 14, 2004 and sentenced to 60 years in prison. ECF No. 1 at 2. Petitioner filed a direct appeal, which was affirmed on September 29, 2005. *Id.* at 3. Petitioner then filed a state habeas application on May 25, 2009, which was granted on May 15, 2013. ECF No. 17-4 at 1; ECF No. 17-6 at 6; *Ex parte Harvin*, No. AP-76914, 2013 WL 2112366 (Tex. Crim. App. May 15, 2013). In granting habeas relief, the Texas Court of Criminal Appeals granted Petitioner leave to file an out-of-time petition for discretionary review (PDR) challenging his adjudication of guilt proceedings. ECF No. 17-4 at 5; ECF No. 1 at 3. The Court thereafter refused the PDR on October 30, 2013. *Harvin v. State*, No. PD-0634-13, 2013 WL 5872844 (Tex. Crim. App. Oct. 30, 2013).

On July 3, 2014, Petitioner filed a second state habeas application. ECF No. 17-1 at 23. The application was denied on September 21, 2016. ECF No. 1 at 3-4; *Ex parte Harvin*, No. WR-72,328-03, 2016 WL 5400892 (Tex. Crim. App. Sept. 21, 2016). Petitioner then filed a motion for rehearing in the Texas Court of Criminal Appeals, which was dismissed as untimely on October 21, 2016. ECF No. 1 at 4. Petitioner filed the instant petition, through a third party, on January 13, 2017.[1] *Id.* at 33.

---

[1] The mailbox rule does not apply to the instant case because Petitioner sent his petition to a third party for filing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

## II. Legal Standard and Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations for an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d). The AEDPA provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner pleaded nolo contendere on April 16, 1996. ECF No. 17 at 2. Petitioner did not file a direct appeal. *Id.* at 3. Petitioner's conviction became final under the applicable AEDPA subsection on May 16, 1996—the last day on which he could have timely filed a direct appeal of his plea proceedings. 28 U.S.C. § 2244(d)(1) ("The limitation period shall run from the latest of – (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review[.]"); Tex. R. App. P. 26.2(a)(1); *see Caldwell v. Dretke*, 429 F.3d 521, 526-30 (5th Cir. 2005) (an order of deferred adjudication is a final judgment for AEDPA

purposes). Therefore, the one-year period in which Petitioner was required to file a petition for writ of habeas corpus regarding his plea proceedings expired on May 16, 1997.

Petitioner's out-of-time PDR pertained only to review of the judgment of the Second Court of Appeals, in which Petitioner challenged the proceedings after his adjudication of guilt, and did not restart his limitations period for his claims relating to his 1996 plea of nolo contendere. *Jimenez v. Quarterman*, 555 U.S. 113, 120-21 (2009); *Brown v. Thaler*, 455 F. App'x 401 (2011); *Harvin v. State*, No. PD-0634-13, 2013 WL 5872844, at *2 (Tex. Crim. App. Oct. 30, 2013) ("Because we deny appellant's petition for discretionary review, the original mandate issued by the court of appeals in 2005 is now revived and appellant's conviction is 'final.'"); ECF No. 17 at 8; ECF No. 17-4 at 5. Petitioner's state writs of habeas corpus, filed on May 25, 2009 and July 3, 2014, were filed more than a decade after the federal limitations period had expired for his plea proceedings. A state habeas application filed after the expiration of the federal statute of limitations does not operate to revive the limitations period. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999). Therefore, Petitioner's claims relating to his plea of nolo contendere in 1996, claims 1 through 5 and 13 through 16, are barred by the limitations period.

Petitioner is not entitled to statutory tolling of the limitations period. He has not shown any impediment to filing created by State action in violation of the Constitution or laws of the United States, he has not shown any right newly recognized by the Supreme Court made retroactive on collateral review, and he has not shown any undiscovered factual predicate underlying his grounds for relief. Although Petitioner argues that he did not learn of the factual predicate of his claims until 2011, when he learned of additional alleged recantations of the complainant, such information bears no relation to the factual predicate of claims 1 through 5 and 13 through 16, which are all premised on his 1996 plea of nolo contendere. ECF No. 24 at 4.

The Court must next consider whether the circumstances of the instant case warrant the application of equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding that the one-year statute of limitations is subject to equitable tolling). Under Fifth Circuit precedent, this one-year period of limitations may be equitably tolled, thereby saving a time-barred petition, only "in rare and exceptional circumstances[.]" *Fisher v. Johnson*, 174 F.3d 710, 712 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). "To obtain the benefit of equitable tolling, [Petitioner] must establish that (1) he pursued habeas relief with 'reasonable diligence,' and (2) some 'extraordinary circumstances' stood in his way and 'prevented' timely filing." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010))).

For equitable tolling to be appropriate, external forces, rather than a litigant's lack of diligence, must account for the failure of a complainant to file a timely claim. *See Glus v. Brooklyn Eastern Dist. Terminal*, 359 U.S. 231, 235 (1959) (finding a limitation period equitably tolled where the adversary misled the complainant with regard to the deadline for filing an action). "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Such tolling is an extraordinary remedy that courts should extend sparingly and not to what may be, at best, a garden variety claim of "excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Coleman*, 184 F.3d at 402.

"[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (citing *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)).

Furthermore, "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Fisher*, 174 F.3d at 714 (citing *Saahir v. Collins*, 956 F.2d 115, 118-19 (5th Cir. 1992)); *see Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (actual innocence, *pro se* status, and ignorance of the law do not constitute "rare and exceptional" circumstances); *see also Barrow*, 932 F.2d at 478 ("lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," and "ignorance of legal rights" generally do not justify tolling).

In the instant case, Petitioner meets neither part of the test for equitable tolling. He has not demonstrated the exercise of diligence in pursuing his remedies and he has not shown extraordinary circumstances that could excuse his failure to pursue his remedies in a timely manner. *See Webb v. Dretke*, 165 F. App'x 375, 376 (5th Cir. 2006) (declining to extend equitable tolling where tolling argument did not explain prisoner's 11-month delay in seeking state post-conviction relief); *Byrd v. Thaler*, No. 4:10-CV-715-A, 2011 WL 208402, at *5 (N.D. Tex. Jan. 24, 2011) (finding federal petition time-barred where, even assuming state court error, petitioner waited almost five months to file (prematurely) a federal petition, and almost 11 months to file a state habeas application). Accordingly, the claims relating to Petitioner's plea of nolo contendere are subject to dismissal as barred by the statute of limitations.

### III.   Conclusion

Because Petitioner has not shown that he is entitled to equitable tolling of his time-barred claims relating to his plea of nolo contendere in his habeas petition, the undersigned RECOMMENDS that claims 1 through 5 and 13 through 16 of the Petition for Writ of Habeas Corpus (ECF No. 1) be DISMISSED with prejudice as time-barred.

A copy of this findings, conclusions, and recommendation shall be served on all parties in

the manner provided by law. Any party who objects to any part of this findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    Signed June 29, 2017.

*[signature]*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE