# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# WICHITA FALLS DIVISION

| | |
|---|---|
| CLIFTON DEWAYNE HARVIN,<br>TDCJ No. 01235629,<br><br>    Petitioner,<br><br>v.<br><br>LORIE DAVIS, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br><br>    Respondent. | §<br>§<br>§<br>§<br>§<br>§     Civil Action No. 7:17-CV-00003-M-BP<br>§<br>§<br>§<br>§<br>§<br>§ |

## ORDER ACCEPTING IN PART THE FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

After making an independent review of the pleadings, files, and records in this case, the Findings, Conclusions, and Recommendation of the United States Magistrate Judge dated March 1, 2018 (ECF No. 44), and Petitioner Clifton Harvin's objections (ECF No. 45) dated March 20, 2018, to which no responses were filed, the Court finds that the Findings, Conclusions, and Recommendation of the Magistrate Judge should be accepted in part with the following modification.

Petitioner seeks habeas relief based on ineffective assistance of trial counsel and ineffective assistance of counsel on appeal. ECF Nos. 4 and 37. The Magistrate Judge recommended denying Petitioner's Petition on all requested grounds for relief. ECF No. 44. Petitioner objects to the Magistrate Judge's recommendation on several grounds, including the Magistrate Judge's summary of facts; the denial of Petitioner's ineffective assistance of counsel claim for failing to move to disqualify Jack McGaughey ("McGaughey"), failing to move to recuse Judge Towery ("Towery"), and failing to file discovery motions and for not presenting any witnesses; and the

denial of Petitioner's request for evidentiary hearing based on his claims of ineffective assistance of counsel.

As reflected in the Magistrate Judge's Findings, Conclusions, and Recommendation, in deciding whether Petitioner has met his burden under 28 U.S.C. § 2254(d), federal courts give deference to the state court's findings unless such findings violate the "unreasonable application" clause of 28 U.S.C. § 2254(d)(2). The "unreasonable application" clause concerns only questions of fact. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Petitioner objects to the Magistrate Judge's adoption of the state court's factual summary. However, the resolution of factual issues by the state court is afforded a presumption of correctness and will not be disturbed unless the habeas petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Sumner v. Mata*, 449 U.S. 539, 550 (1981). Absent such evidence, the presumption of correctness is applied provided that the state court findings are evidenced in writing, issued after a hearing on the merits, and are fairly supported by the record. *E.g. Burden v. Zant*, 498 U.S. 433, 436-37 (1991); *Williams v. Scott*, 35 F.3d 159, 161 (5th Cir. 1994); 28 U.S.C. § 2254(d). The Magistrate Judge's adoption of the state court's findings of fact was proper under 28 U.S.C. § 2254(e)(1), because Petitioner has failed to rebut the presumption of correctness afforded to state court factual findings by clear and convincing evidence. Therefore, Petitioner's objection on this ground is overruled.

Petitioner also objects to the Magistrate Judge's denial of his ineffective assistance of counsel claims arising from his counsel's failure to move to disqualify McGaughey. Petitioner makes multiple objections on this ground. Petitioner objects to the finding that he had previously retained McGaughey as his lawyer for purposes of a polygraph examination around May 1995, as he was scheduled for the polygraph examination in March 1995. ECF No. 45 at 7–10. Based on a

review of the administrative record, evidence supports Petitioner's argument that he was scheduled to attend a polygraph examination in March 1995. ECF No. 23-20 at 84. Thus, the Court does not accept the finding that the polygraph examination was scheduled for May 1995, and Petitioner's objection is sustained on this ground.

Petitioner further argues that the Magistrate Judge was incorrect in finding that he retained McGaughey to represent him for the limited purpose of advising him concerning the proposed polygraph examination, as it is "not possible that this attorney was retained for the purpose of a polygraph and then to somehow assume specific case facts were not discussed with the attorney." ECF No. 45 at 11. The Court of Criminal Appeals found that no attorney-client relationship existed between Petitioner and McGaughey, based upon the evidence presented to that court. *See Ex parte Harvin*, No. WR-72,328-03, 2016 WL 5400892, at *19 (Tex. Crim. App. Sept. 21, 2016). Thus, Petitioner has the burden of presenting clear and convincing evidence that McGaughey represented him in the underlying criminal proceeding such that his trial counsel was ineffective in failing to move to disqualify McGaughey in the probation revocation proceedings. While Petitioner relies on *Ex Parte Spain* and *Landers v. State* in arguing that McGaughey should have been statutorily disqualified under Texas law, these cases are inapposite. In *Spain*, the statutory disqualification applied due to the attorney's representation of the defendant at the plea-bargaining stage. *Ex Parte Spain*, 589 S.W.2d 132, 134 (Tex. Crim. App. 1979). In *Landers*, the court found that a prosecutor who had previously represented a defendant in a substantially related matter to defendant's case at issue did not violate the defendant's right to due process, and thus the prosecutor was not obligated to disqualify himself from the case. *Landers v. State*, 256 S.W.3d 295, 304 (Tex. Crim. App. 2008). Furthermore, in a recent Texas Court of Criminal Appeals case, the court denied without written opinion a petitioner's application for writ of habeas corpus that involved a prosecutor who had

previously represented the petitioner in the same criminal matter as defense counsel. *Ex parte Rodriguez*, ___S.W.3d___, 2018 WL 1101663 (Tex. Crim. App. Feb. 28, 2018). Petitioner has failed to present clear and convincing evidence that McGaughey represented him in the underlying criminal proceeding or established the existence of an attorney-client relationship such that statutory disqualification would apply in this case. Therefore, the Court does not accept the Magistrate Judge's finding that Petitioner actually retained McGaughey as counsel based on the analysis above. Petitioner's objection on this ground is overruled.

Petitioner also objects to the Magistrate Judge's denial of his ineffective assistance of trial counsel claims concerning his counsel's failure to move to recuse Judge Towery. Petitioner argues that Judge Towery did not voluntarily recuse himself and that Judge Towery's ultimate recusal is evidence of his counsel's ineffective assistance. ECF No. 45 at 28–30. Specifically, Petitioner argues that Judge Towery was required to recuse himself because Petitioner filed a writ of mandamus application challenging the judge's action in the case. ECF No. 45 at 26–27. The Court of Appeals for the Second District of Texas issued an Order on September 25, 2009, requiring the state to file a response to Petitioner's application for a writ of mandamus by October 5, 2009. ECF No. 23-20 at 155–156. Judge Towery issued an Order of Recusal on October 1, 2009. ECF No. 23-20 at 158. Thus, Judge Towery did voluntarily recuse himself without direction or written order from the Court of Appeals. *United States v. Couch*, 896 F.2d 78, 81–82 (5th Cir. 1990). Petitioner makes only conclusory allegations that "had he not filed the writ of mandamus the Judge would have continued his illegal actions in this case." ECF No. 45 at 27. A district court need not consider "[f]rivolous, conclusive, or general objections," such as those made on this point. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404,

410 n.8 (5th Cir.1982), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)). Petitioner's objections are overruled on these grounds.

Petitioner objects to the Magistrate Judge's finding that his ineffective of assistance of counsel claims involving the failure to file discovery motions and present witnesses are conclusory. ECF No. 45 at 33–37. Petitioner argues that an evidentiary hearing is necessary because his counsel filed a letter with the state requesting certain documents that ultimately were not turned over. ECF No. 45 at 34. Petitioner also argues that no competent attorney who had been denied all of the evidence used to revoke his probation would fail to file a discovery motion during the punishment phase of the proceedings. *Id.* Petitioner's statements are conclusory, and the Fifth Circuit has repeatedly held that the non-filing of discovery motions and failure to call witnesses in criminal cases do not constitute ineffective assistance of counsel. *See Smith v. Maggio*, 696 F.2d 365, 367 (5th Cir. 1983) ("Counsel had no duty to file pretrial motions, because the prosecutor established an open file policy that made the filing of discovery motions or *Brady* requests pointless."); *United States v. Lewis*, 786 F.2d 1278, 1283 (5th Cir. 1986) (stating that a defendant must identify evidence that would have been produced by further investigation, and that such evidence would be "sufficient to undermine confidence in the outcome of the trial"). Thus, Petitioner's objections on these grounds are overruled.

Finally, Petitioner summarily objects to the Magistrate Judge's denial of his ineffective assistance of counsel on appeal claim by stating his counsel's "representation from start to finish was flawed and the best he can do was say he had [sic] done more at punishment. This is cumulative effect and Petitioner respectfully objects[.]" ECF No. 45 at 38. A party's objections must specifically identify those findings or recommendations that the party wishes to have the

district court consider. *Thomas v. Arn*, 474 U.S. 140, 151 (1985). The Petitioner failed to do so. Thus, the Court need not consider Petitioner's conclusive and general objections on this ground.

Petitioner objects to the denial of his request for habeas relief on multiple other grounds. The Court finds that these objections are conclusory, fail to identify specific errors of fact or law in the Magistrate Judge's Findings, Conclusions, and Recommendation, and are substantively related to the objections discussed above. As such, the Petitioner's remaining objections are overruled. The Court finds that the Magistrate Judge's Findings, Conclusions, and Recommendation in all other aspects are supported by the record and applicable law.

The Court finds that Petitioner has failed to establish that the state court's adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). Petitioner has further failed to demonstrate that the state court's decision was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). Having reviewed the petition, file, record, the Magistrate Judge's Findings, Conclusions, and Recommendation, and Petitioner's objections in this case, the Court determines that the Magistrate Judge's Findings, Conclusions, and Recommendation are correct, with the sole exceptions being the Magistrate Judge's determination regarding the date of Petitioner's scheduled polygraph examination in 1995 and the finding that Petitioner retained McGaughey as counsel. While the Court does not accept those two findings as explained above, the Magistrate Judge's ultimate conclusion does not rest on those two grounds alone. As the Magistrate Judge's Findings, Conclusions, and Recommendation are amply supported, the Court accepts the Findings, Conclusions, and Recommendation in all other respects and the ultimate

Recommendation of the Magistrate Judge. The Court therefore **DENIES** the petition for writ of habeas corpus.

**SIGNED** this 14th day of May, 2018.

_____
BARBARA M. G. LYNN
CHIEF JUDGE